IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| DAVIAN LEE, INDIVIDUALLY, AND PERSONAL REPRESENTATIVE OF GERALD GLOVER, DECEASED AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER UNDER THE WRONGFUL DEATH AND SURVIVAL STATUTE | PLAINTIFF |
| v. | NO: 3:18-CV-124 |
| RAYMOND GOODLIN, BIG BINDER EXPRESS, LLC, TRI STATE IDEALEASE, LLC, AND DARLING INGREDIENTS, INC. D/B/A DAR PRO | DEFENDANTS |
| AND | |
| KEITH GLOVER | PLAINTIFF |
| v. | NO: 3:18-CV-239 |
| RAYMOND GOODLIN, BIG BINDER EXPRESS, LLC., TRI-STATE IDEALEASE, INC., AND DARLING INTERNATIONAL, INC. | DEFENDANTS |

**ORDER**

This cause comes before the Court on Defendant Darling Ingredients, Inc.'s ("Darling") *Motion for Judgment on the Pleadings (against Davian Lee's Independent Liability and Punitive Damages Claim)*, Doc. #130 in the Davian Lee case (3:18–cv–00124–MPM–JMV), and Darling's *Motion for Judgment on the Pleadings (against Keith Glover's Independent Liability and Punitive Damages Claim)*, Doc. #70 in the Keith Glover case (3:18–cv–00239–MPM–JMV). The Court, having reviewed the complaints, the parties' submissions, and relevant authority is now prepared to rule.

1

I. **Factual Background**

a. **Davian Lee Case (3:18–cv–00124–MPM–JMV)**

On or about May 14, 2018 Gerald Glover ("Mr. Glover"), father of Plaintiff Davian Lee ("Lee"), was traveling North on US Highway 61 in Tunica County, Mississippi. Another motorist, Raymond Goodlin ("Goodlin"), travelled in the same direction in a semi-truck with a trailer attached. At some point during their travels, Goodlin crashed into the rear of Mr. Glover's vehicle. Mr. Glover died in the collision.

In his Fourth Amended Complaint, Lee asserts claims of negligence against Big Binder Express, LLC., Tri State Idealease, Inc., and Darling International, Inc. Doc. #68. Lee alleges that Goodlin was employed by all three companies, that Big Binder and Tri-State were "the owners of the truck involved in the collision and … operated by … Goodlin," and that Darling was "the owner of the trailer being hauled by … Goodlin." Doc. #68 at 3–4.

Darling filed a *Motion for Judgment on the Pleadings*, Doc. #130, and asks that the Court dismiss Lee's "independent liability and punitive damages claim Under Rule 12(c) of the Federal Rules of Civil Procedure." Doc. #130 at 1.

b. **Keith Glover Case (3:18–cv–00239–MPM–JMV)**

On the day of the collision, Plaintiff Keith Glover ("Glover") was the passenger of Mr. Glover, deceased. Glover alleges that the collision caused him "serious and permanent personal injuries." Doc. #16.

In his Second Amended Complaint Glover asserts claims of negligence against all defendants. In the complaint Glover alleges that Goodlin "was acting as agent, servant and/or employee of" the defendant companies and that all acts of his negligence "are imputed to

Defendants rendering them vicariously liable for all damages and injuries sustained by …
[Glover].” *Id.* at 3.

Darling filed a *Motion for Judgment on the Pleadings*, Doc. #70, and asks that the Court dismiss Glover's "independent negligence and punitive damages claim Under Rule 12(c) of the Federal Rules of Civil Procedure." Doc. #70 at 1.

## II.     Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes c. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id*. (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Moreover, in ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFLA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). In considering Rule 12(c) motions the court relies on the same standard as that of a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). The Court must liberally construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir.2005).

### III. Discussion

In both motions, Darling concedes that Lee and Glover provided sufficient facts to support their claims of negligence against Goodlin and vicarious liability against Darling. However, Darling argues that both plaintiffs failed to provide enough facts in their complaints to support the various claims of direct liability asserted against Darling.

a. **Davian Lee Case (3:18–cv–00124–MPM–JMV)**

In this action, Lee attached two exhibits to his response: Exhibit #1 is a portion of Goodlin's deposition discussing his use of cruise control and his application of the brakes to turn off the cruise control; Exhibit 2 is a reconstruction report of the accident. In reply, Darling objects to the exhibits and requests that they be disregarded at this juncture. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its examination "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,

4

594 F.3d 383, 387 (5th Cir. 2010). Because the exhibits attached to Plaintiff's response and Defendant's reply are not referenced by the complaint, the Court will only consider the complaint and any documents attached thereto.

### i. Independent Liability Claims

In the operative complaint, the Fourth Amended complaint, Doc. #68, Lee alleges the following facts against Darling:

11.

… Goodlin was employed by … Darling. … Darling … was the owner of the trailer being hauled by … Goodlin at the time and date of the collision and was responsible for the maintenance and upkeep of the trailer.

Doc. #68 at 3–4.

The independent liability claims asserted against Darling read as follows:

**NEGLIGENCE OF DARLING INGREDIENTS, INC.
D/B/A DAR-PRO**

18.

DARLING INGREDIENTS, d/b/a DAR-PRO, before and at the time of the collision herein, was guilty of intentional, willful, unlawful, wanton, reckless, and/or negligent acts and/or omissions which include but are not necessarily limited to the following:

a. Hiring and retaining RAYMOND GOODLIN;
b. Failing to properly train RAYMOND GOODLIN;
c. Failing to develop and maintain a fleet management program;
d. Violating state and federal laws and regulations as to the operation of tractor-trailers;
e. Failing to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public;
f. Failing to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work for drivers of tractor-trailers;
g. Failing to maintain and/or properly complete forms and other documents required by state and federal laws and regulations governing motor carriers;
h. Failing to perform an adequate pre-employment background check before hiring RAYMOND GOODLIN;
i. Negligent entrustment of its commercial vehicle and equipment to RAYMOND GOODLIN;

  j. Failure to properly maintain equipment; and
  k. Other acts of negligence.

This is the extent of Lee's Complaint as to Darling. With four amendments to his complaint, the Court opines that the limited factual basis and the claims asserted against Darling, without more, do not satisfy the standard.

  The Court agrees with Darling that *Cecil v. Smith*, No. 1:13CV201-SA-DAS, 2014 WL 1394360 (N.D. Miss. Apr. 9, 2014) is similar to this case. In *Cecil*, the Plaintiff, a motorist who was rear-ended by Smith, the driver of a semi-truck, alleged that the defendant trucking company, DLT Trucking, was "liable for negligence … 'in the hiring, training, retention, and/or supervision of the drivers chosen to operate it,'" and that the company "committed a series of reckless and/or negligent acts" with regard to federal carrier regulations and overall training, hiring, retention, and supervision. *Cecil*, 2014 WL 1394360, at *1. In *Cecil*, the operative complaint upon which the court issued its ruling listed several allegations which the court summarized as follows:

> Plaintiff alleges that DLT Trucking did not require Smith to comply with the duties and prohibitions of driver regulations under the FMCSRs, encouraged Smith to violate those regulations, failed to maintain or improperly maintained records and documents pursuant to those regulations, permitted Smith to operate his vehicle while impaired, failed to adequately train Smith, did not investigate the competence of Smith, and failed to take Smith "out of service," among other claims.

*Id*. at *3. Having reviewed the complaint the court stated that "[t]hese statements [were] not followed by or made pursuant to any factual basis supporting that claim." *Id*. Ultimately, the court held that the plaintiff had failed to plead any factual content to allow the court to draw any reasonable inference that the defendant was liable for a violation of federal carrier regulations and for negligent hiring, training, retention and/or supervision of Smith. *Id*. In discussing the reasoning for its holding, the court stated:

> The only factual basis noted in the entire Complaint is that "[o]n or about November 13, 2012, Defendant Cullen T. Smith owned and operated a

> tractor-trailer in a eastbound direction on Interstate 40, in Shelby County, Tennessee." Further, "Smith was DLT's employee/agent acting within the scope of his employment duties as a professional truck driver and pursuant to DLT's motor carrier operating authority." "Cecil was the owner and operator of 2009 Dodge Caravan which was traveling eastbound on Interstate 40 when he began to slow down due to a previous crash scene that had occurred." "At said time and place, Smith recklessly and/or negligent drove his 2006 tractor-trailer crashing into the rear of Cecil's vehicle."
>
> There is no factual basis evidencing a reason that DLT failed to exercise due care in the hiring, training, retention, and/or supervision of Smith, or that DLT Trucking breached any duty pursuant to the Federal Motor Carrier Regulations other than Plaintiff's bald assertions.

*Id*. The same is true for this case. The extent of the facts provided in Lee's complaint that mention Darling are: that Goodlin was employed by Darling, that Darling owned the trailer being hauled by Goodlin, and that Darling was responsible for the maintenance and upkeep of the trailer. The Court does not seek extremely detailed facts within the complaint, but it does look for just enough facts to support the claims asserted. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Nowhere within his Complaint does Lee provide facts to support any of the claims asserted against Darling or to allow the court to reasonably infer that Darling is liable for the alleged misconduct. Lee has failed to meet his burden as to the claims asserted against Darling in Paragraph 18 of his Complaint. Accordingly, Darling's motion, Doc. #130 in the Lee case, is granted in this regard.

### ii. Punitive Damages Claim

Lee cannot recover punitive damages as to Darling. Under Mississippi law, punitive damages may be awarded if the claimant can "prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence

7

which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11–1–65(1)(a).

Plaintiff relies on Paragraphs 18 and 20 of his Complaint and argues that both paragraphs provide sufficient facts to support his claim of punitive damages against Darling. The punitive damages allegations against Darling are as follows:

### DAMAGES

…

#### 20.

> The aforesaid acts and omissions of … Darling Ingredients, Inc., constitute intentional, willful, unlawful, reckless conduct and wanton disregard for the rights of Plaintiff, and for other members of the public utilizing the highways and roads and/or constitute gross negligence and recklessness as to show a total lack of regard for the rights of Plaintiff, and for other members of the public utilizing the highways and roads which entitles Plaintiff to recover punitive and exemplary damages against … Darling … in an amount to be assessed by the Court and/or jury.

Following the above standard, Plaintiff does not provide sufficient facts to support the punitive damages claim asserted against Darling. The limited facts do not allow the Court to reasonably infer that Darling acted with actual malice, gross negligence, willfulness, wantonness, or reckless disregard for the safety of others.

Additionally, to the extent that any of Plaintiff's punitive damages claims against Darling arise under vicarious liability, such damages are not available under Mississippi law—"punitive damages are not available in Mississippi on the basis of vicarious liability." *Bell v. Coleman*, No. 4:17–CV–47–SA–JMV, 2018 WL 3118614, at *4 (N.D. Miss. June 25, 2018) (citing *Littlejohn v. Werner Enterprises, Inc.*, No. 1:14–CV–44–SA–DAS, 2015 WL 3484651 (N.D. Miss. June 2, 2015)).

Therefore, Darling's motion, Doc. #130 in the Lee case, is granted on this issue.

### b. Keith Glover Case (3:18–cv–00239–MPM–JMV)

The same result applies to Glover's independent negligence and punitive damages claims. In his operative complaint, the Second Amended Complaint, Doc. #16, Glover alleges the following facts against Darling:

> 10. … *Goodlin* was acting as agent, servant and/or employee of … Darling, and all acts of negligence of *Goodlin* are imputed to [Darling] rending [it] vicariously liable for all damages and injuries sustained by … [Glover].

Doc. #16 at 3.

The independent negligence claims asserted against Darling are as follows:

> 12. [Glover] charges and alleges that … *Darling* [is] guilty of one, some, or all of the acts and/or omissions which constitute common law negligence, to wit:
>
> (a) Failing to properly train *Goodlin*;
> (b) Failing to properly examine the driving record of *Goodlin*;
> (c) Hiring untrained or unqualified personnel, namely *Goodlin*;
> (d) Failing to perform an adequate pre-employment background check before hiring *Goodlin*;
> (e) Failing to develop and maintain a fleet management program;
> (f) Violating state and federal laws and regulations as to the operation of tractor-trailers;
> (g) Failing to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public;
> (h) Failing to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work for drivers of tractor-trailers;
> (i) Failing to maintain and/or properly complete forms and other documents required by state and federal laws and regulations governing motor carriers;
> (j) Negligent entrustment of its commercial vehicle to *Goodlin*;
> (k) Failure to properly maintain equipment; and
> (l) Other additional acts of negligence proved at trial.

This is the extent of Glover's Complaint as to Darling. As for punitive damages, Glover merely makes a request for such relief, without more. As previously discussed, it is not necessary that a

complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Nowhere within his Complaint does Glover provide facts to support any of the independent negligence claims asserted against Darling or to support his request for punitive damages. In no way can the Court, relying on Glover's Complaint, reasonably infer that Darling is liable for the alleged misconduct listed in paragraph 12 of the complaint or that it acted with actual malice, gross negligence, willfulness, wantonness, or reckless disregard for the safety of others.

In his response, Glover requested that "he be given leave to amend his complaint to correct any deficiencies" should the Court be "inclined to grant Defendant Darling['s] [R]ule 12(c) motion to dismiss." Doc. #75 at 8. Having reviewed Glover's request, the Court finds that his request to amend should be denied. Pursuant to Rule 7(b)(3)(c) of the Local Uniform Civil Rules, "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." Here, Glover included his request to amend within his response to Darling's Motion for Judgment on the Pleadings; such action is improper. Furthermore, even if the Court were to consider Glover's request to amend, he failed to supply the Court with a proposed amendment. *See* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading…."). Without a proposed amendment the Court lacks the ability to determine what additional facts Glover intends to allege in his amended complaint and whether "the amended complaint would fail to state a claim upon which relief could be granted." *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Therefore, Glover's request is denied.

## IV. Conclusion

Accordingly, the Court finds that Defendant Darling's *Motions for Judgment on the Pleadings*, Doc. #130 in the Lee case and Doc. #70 in the Glover case, are **GRANTED**.

SO ORDERED, this the 14th day of June, 2019.

<u>/s/ MICHAEL P. MILLS</u>
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**